**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| Samuel Walker,<br>　　Plaintiff, | ) ) ) | |
| v. | ) ) | 1:26cv19 (RDA/LRV) |
| Brian C. Slomeana, et al.,<br>　　Defendant. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, Virginia inmate Samuel Walker ("Walker" or "Plaintiff") initiated this civil action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Fourth Amendment rights on May 8, 2025, when they searched his former residence at 3433 Stirrup Way, Virginia Beach, Virginia 23453, without a warrant. Dkt. No. 1 at 4. Walker seeks a "mistrial," dismissal of the state criminal charges with prejudice, and any further relief as the Court deems appropriate. *Id.* at 5. Because Plainitff is a prisoner, the Court must review his complaint to determine if he states a claim upon which relief may be granted.[1]

Pursuant to § 1915A, this Court must dismiss claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. Here, Plaintiff alleges that the defendants violated his Fourth Amendment rights when the defendants searched his residence without a warrant. *See* Dkt. No. 1 at 4.

**I. Background**

The Complaint alleges that the Defendants searched Walker's former residence at 3433 Stirrup Way, Virginia Beach, Virginia 23453 on May 8, 2025, without a warrant; and that no warrant was "approved" until May 15, 2025. During the search, the defendants seized Walker's "possessions," hard drives, and electronics. Dkt. No. 1 at 4. He seeks to have this Court: (i) declare a mistrial; (ii) dismiss the charges with prejudice; and (iii) any "further relief as the court deems proper." *Id.* at 5. He does not expressly seek monetary relief. *Id.*

Plaintiff has been indicted and convicted, but not yet sentenced, of six counts of "Indecent Liberties W/Child under 15," in violation of Virginia Code § 18.2-370: *Commonwealth v. Walker*, No. CR25000895-00, (offense date January 1, 2025; indicted May 15, 2025, convicted November 24, 2025); *Commonwealth v. Walker*, No. CR25000895-01, (offense date January 1, 2025; indicted May 15, 2025; convicted November 24, 2025); *Commonwealth v. Walker*, No. CR25000895-03, (offense date October 1, 2024; indicted June 2, 2025; convicted November 24, 2025);

*Commonwealth v. Walker*, No. CR25000895-04, (offense date October 1, 2024; indicted June 2, 2025; convicted November 24, 2025); *Commonwealth v. Walker*, No. CR25000895-05, (offense date Oct. 1, 2025; indicted June 2, 2025; convicted November 24, 2025); *Commonwealth v. Walker*, No. CR25000895-06, (offense date October 1, 2024; indicted June 2, 2025 convicted November 24, 2025); and three counts of Carnal Knowledge of a Minor, in violation of Virginia Code § 18.2-63: *Commonwealth v. Walker*, No. CR25000895-07, (offense date October 1, 2024; indicted June 2, 2025 convicted November 24, 2025); *Commonwealth v. Walker*, No. CR25000895-08, (offense date October 1, 2024; indicted June 2, 2025 convicted Nov. 24, 2025); and *Commonwealth v. Walker*, No. CR25000895-09, Carnal Knowledge of a Minor, in violation of Virginia Code § 18.2-63 (offense date October 1, 2024; indicted June 2, 2025 convicted November 24, 2025). Walker was also convicted of two counts of Violation of a Protective Order, in violation of Virginia Code § 18.2-60.4 *Commonwealth v. Walker*, No. CR25000895-02 (offense date March 27, 2025; convicted October 27, 2025 and sentenced to 90 days in jail, with 85 days suspended) and *Commonwealth v. Walker*, Nos. CR25000895-02 and CR25001559 (offense date June 7, 2025; convicted October 27, 2025 and sentenced to 12 months in jail, with 6 months suspended). *See* http://ewsocis1.courts.state.va.us Virginia Courts Case Information, Circuit Court Tab, Virginia Beach Circuit Court (last viewed on August 3, 2026). The Court may appropriately take judicial notice of these state court filings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (recognizing that the "most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online). The two violations of a protective order are on appeal in the Court of Appeals of Virginia. *See Walker v. Commonwealth*, Record No. 2246-25-1. *See*

http://ewsocis1.courts.state.va.us Virginia Courts Case Information, Virgina Court of Appeals Tab, Virginia Beach Circuit Court (last viewed on August 3, 2026). Plaintiff has also filed a state petition for writ of habeas corpus on December 4, 2025, in the circuit court that was dismissed the same day, and he did not appeal the dismissal. *See Walker v. Writ of Habeas Corpus*, Case No. CL25006574-00.

## II. Analysis

Plaintiff's allegations fail to state a claim upon which relief can be granted and allowing him leave to amend would be futile because his complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994). Plaintiff's assertion of an illegal search is frivolous under *Heck*, which emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Following *Heck*, the Fourth Circuit has explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (citing *Heck*, 512 U.S. at 484-86); *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that a "state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

As the Supreme Court has explained:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

4

U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see also Bishop v. County of Macon*, 484 F. App'x 753, 755 (4th Cir. 2012) (quoting *Heck*, 512 U.S. at 487; citing *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008)) ("If the district court answers the question in the affirmative, then 'the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"). Here, Plaintiff's convictions are still valid; he has not been sentenced on several of his convictions; he has a pending direct appeal for those convictions upon which he has been sentenced; and he has not filed a state petition for a writ of habeas corpus.

Further, Plaintiff does not argue that success on his claim would not necessarily imply the invalidity of his convictions. Indeed, his requested relief (dismissal of the charges) would negate any such argument.[2] *See Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003) (citing *Heck* 512 U.S. at 489).

Accordingly, it is hereby

**ORDERED** that this action be and is **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is

---

[2] Consistent with his allegations of illegal seizure in his Complaint, the evidence introduced at trial included digital and computer related items. The list of exhibits on the circuit court website, *see supra* at 3, indicates that numerous digital exhibits (photos of texts, Ring Camera footage, YouTube videos, Only Fans pictures, etc.) were introduced during the trial proceedings. Walker's requested relief "mistrial" necessarily implies the items set forth in the Complaint were prejudicial. *See Commonwealth v. Juares*, 651 S.E.2d 646, 647 (Va. 2007) (in Virginia, a "party seeking a mistrial carries the burden of establishing that he suffered prejudice by the complained of acts") (citing *Riner v. Commonwealth*, 601 S.E.2d 555, 567 (Va. 2004)). The relief Walker seeks therefore necessarily implies the invalidity of his convictions.

**FURTHER ORDERED** that Plaintiff's motion to appoint counsel, Dkt. No. 17,

**DISMISSED** as **MOOT**; and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect

plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison

Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty

(30) days of the entry of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short

statement indicating a desire to appeal this Order and noting the date of the Order plaintiff wants

to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff

need not explain the grounds for appeal until so directed by the court.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of

defendants, to send a copy of this Order to plaintiff, and to close this civil action.

Entered this _____5__ day of _Aynt_____ 2026.

Alexandria, Virginia

_____ /s/ _____

Rossie D. Alston, Jr.
United States District Judge

---

[3] In *Brunson v. Stein*, 116 F.4th 301 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1169 (2025), the Fourth Circuit confirmed that "the dismissal of an action under *Heck* is a dismissal for failure to state claim and thus a strike under the PLRA." 512 U.S. at 309. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

6